## S. ABERCROMBIE v. T. E. STILLMAN.

### No. 6365.

1. **Foreign Administrator.**—A foreign administrator may assign by endorsement a negotiable promissory note the property of the estate, and the endorsee may maintain suit in this State in his own name upon such note.

2. **Same.**—In absence of plea denying under oath plaintiff's ownership of a negotiable note endorsed to plaintiff by one purporting to be administratrix, such endorsement with possession of the note will be sufficient evidence to recover upon such note and endorsement.

3. **Records in other States, Proof of.**—Article 90, Revised Statutes, provides the mode of authenticating judicial records from other States. A certificate duly authenticated of an appointment as administrator in another State, if good in form here will be presumed to be so where made in absence of evidence showing otherwise.

Appeal from Archer.   Tried below before Hon. R. F. Arnold, Special District Judge.

The opinion gives a statement.

*L. C. Barrett*, for appellant.—1.   A foreign administratrix could not bring suit in this State, nor do that indirectly which the law would not permit to be done directly.   11 Texas, 556; 23 Texas, 531; 27 Texas, 192; 46 Texas, 618, 497; 28 Texas, 503, 505; 32 Texas, 564; 55 Texas, 81.

2.   The court erred in finding for plaintiff, because the evidence did not show that the said note was sold to the plaintiff according to the probate laws of this State or in accordance with the probate laws of the State of Connecticut.

*Ashby S. James*, for appellee.—1.   The legal ownership and possession of a negotiable promissory note entitles the holder to recover.   It is sufficient for the holder, where execution is not denied, to show possession; or if indorsee, indorsement or other sufficient assignment.   Such proof imports that he acquired the paper before maturity for value in the regular course of business, and casts the burden upon the defendant to avoid this prima facie case.   53 Texas, 136; 1 Dan. on Neg. Inst., sec. 812, and citations.

2.   If a bill or note held by a decedent be negotiable the personal representative may transfer it by endorsement; if not negotiable, by assignment.   1 Dan. on Neg. Inst., sec. 265; 3 Kent's Com., sec. 88; Story's Const. Law, sec. 359; Rev. Stats. U. S., sec. 905.

3.   Endorsement is the proper, recognized method of transferring title to bills and notes.   Upon the death of the owner of a bill or note the only proper method of transferring title, even to a specific legatee of the paper, is by the endorsement of the executor or administrator.   The qualities of the paper are transferred with it, and the right of bringing suit in his own name vested in the endorsee or assignee.   This does not conflict with the principle or proposition that a foreign administratrix can not sue as such in our courts.   It does not follow that because the endorsee or assignee of a foreign administratrix may maintain a suit in his own name for his own benefit, that therefore the administratrix as such might do the same.   Rev. Stats., arts. 265, 267, 2264; 10 Texas, 69; 6 Texas, 523; Rev. Stats. U. S., sec. 905; 1 Dan. on Neg. Inst., sec. 265; Byles on Bills, sec. 53.

4.   When the law of a foreign State is not proved in any suit it is presumed, as to that litigation, to be the same as the law of this State.   23 Texas, 540; 1 Posey's U. C., 554.

Acker, Presiding Judge.—T. E. Stillman brought this suit against J. W. Pentecost and S. Abercrombie on a promissory note for $2880 and

10 per cent interest, and 10 per cent attorney fees if collected by law, executed by Pentecost and payable to the order of Abercrombie, secured by vendor's lien on 1280 acres of land, and to foreclose the lien.

The note was endorsed as follow: "Pay Thomas S. Greenman or order. Protest waived and payment guaranteed in New York exchange. S. Abercrombie." And also: "Pay to the order of T. E. Stillman. Elizabeth G. Stillman, administratrix," etc.

Attached to the note was a certificate of the clerk of the Probate Court of the county of New London, in the State of Connecticut, "that administration of the estate of Thomas S. Greenman, late of Stonington, in said district, deceased, was on motion granted to Elizabeth G. Stillman, who appeared in court, accepted the trust, and executed a bond with surety according to law, which bond was accepted and approved by the court. And I further certify that the said Elizabeth G. Stillman is at this time the administratrix of said estate."

There was also attached to the note a certificate of the presiding judge of the Probate Court of the county of New London to the official character of the clerk, the genuineness of his signature, and that the clerk's "certificate is in due form to authenticate the records, files, and proceedings of said court." The clerk's certificate was under the seal of the court.

The note, endorsements, and certificates were described in, attached to, and made part of the petition.

The defendants filed separate answers, consisting of general denial only.

The defendant Pentecost withdrew his answer, and the trial without a jury on the petition and answer of defendant Abercrombie resulted in judgment for plaintiff for the amount of the note, interest, and attorney fees, and foreclosing the vendor's lien on the land, from which the defendant Abercrombie appealed.

When the plaintiff offered in evidence the note with the endorsements and certificate the defendant objected thereto upon the following grounds:

"1. Because the same showed the plaintiff was not the owner of the note.

"2. Because an administration in another State is of no force in this State.

"3. Because it was not shown that the note in suit was sold in accordance with the probate laws."

The objection was overruled, and the assignments of error presented relate to this action of the court.

We think it necessary to consider only the third ground of objection, for if the evidence and the presumptions arising thereon show the plaintiff entitled to maintain the suit, then the first and second grounds of objection will be answered.

There was no denial by plea of plaintiff's ownership of the note. We think the endorsements together with his possession show that he acquired

the note legally, in good faith, and in the usual course of business, and were sufficient, in the absence of plea and proof to the contrary, to entitle him to recover.  Blum v. Loggins, 53 Texas, 136.  But if we were in doubt as to the correctness of this view, we think the certificates attached to the endorsements proved the official character of the administratrix, and there was no denial of the genuineness of her endorsement.

Section 905 of the Revised Statutes of the United States provides that "The records and judicial proceedings of the courts of any State or Territory * * * shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, * * * together with the certificate of the judge, chief justice, or presiding magistrate that the said attestation is in due form.  And the said records and judicial proceedings so authenticated shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

In the case of Houze v. Houze, 16 Texas, 600, it was held that the proceedings of courts of probate come within the provisions of this statute and are such judicial proceedings as may be authenticated thereunder.  Article 2264 of the Revised Statutes of this State provides that the appointment and qualification of an administrator may be proved by the certificate of the proper clerk under his official seal.  The laws of another State affecting the rights of parties having an interest in property in this State, if not alleged in the pleadings to be different, must be presumed to be similar to the laws of our own State.  Green v. Rugely, 23 Texas, 545.

So the certificate of the appointment and qualification of the administratrix of the estate of Greenman being sufficient under the statutes of this State to prove her official character, must be presumed to be so under the laws of the State of Connecticut, the official character and signature of the officer giving the certificate being proved in the manner prescribed by the act of Congress, *supra*.  The note was a negotiable instrument, the title to which vested in the administratrix of the estate of Greenman immediately upon her qualification of such, and she was responsible to the beneficiaries of that estate for the use and disposition made of it.  She had the right to endorse the note to the plaintiff, and he thereby acquired the title to it.  1 Dan. on Neg. Inst., sec. 265.

We are of opinion that the judgment of the court below is correct and that it should be affirmed.

*Affirmed.*

Adopted June 10, 1890.