H. Solinsky v. The Fourth National Bank of Grand Rapids.

No. 3179.

1. **Foreign Administration — May Assign Notes.** — A foreign administrator may assign a promissory note payable to his intestate, and the assignee can maintain an action upon such note. Abercrombie v. Stillman, 77 Texas, 591.

2. **Transfer of Mortgage.** — A mortgage being considered as an incident to the debt, passes to the owner of the note for which it is security. Perkins v. Sterne, 23 Texas, 563.

Appeal from Bowie. Tried below before Hon. John L. Sheppard. The opinion states the case.

*Todd & Hudgins* and *Vaughan & Leary*, for appellant.—1. A foreign administration has no extra-territorial force; and an administrator appointed in one State has no right of control as such over property or assets of the estate situated in another State, and no right to sue in the courts of such other State. Simpson v. Foster, 46 Texas, 623; Terrell v. Crane, 55 Texas, 81; Schouler on Exrs. and Admrs., pars. 164, 173.

2. A foreign administrator not having the right to sue as such in Texas, nor to collect a debt or enforce a mortgage, has no power by assignment to confer such right upon another. Stearns v. Burnham, 5 Greenl. (Me.), 261; Thompson v. Wilson, 2 N. H., 291; Cutter v. Davenport, 1 Pick., 81; Reynolds v. McMullen, 55 Mich., 568, (see especially opinion of Sherwood, J.); Dial v. Gary, 14 S. C., 444 (37 Am. Rep., 737).

3. The estate being subject to administration in Texas as to assets in this State, this judgment would be no bar to an action by an administrator appointed in Texas. Pond v. Makepiece, 2 Metc., 114.

*F. M. Henry*, for appellee.—The sale and indorsement by an administratrix of a note belonging to the estate passes title without proof that

the note was sold by her in accordance with the probate laws.    Abercrombie v. Stillman, 77 Texas, 589.

HENRY, ASSOCIATE JUSTICE.—The appellee, a resident of the State of Michigan, brought this suit against appellant, who is a resident of this State, to recover upon a promissory note and to enforce a deed of trust upon land in the city of Texarkana, Texas, made to secure its payment. The note was made payable to James Strong. He died, and Minnie M. Strong administered upon his estate in the State of Michigan.    The administratrix assigned the note and deed of trust to appellee.    No administration was opened in this State, and the record does not disclose that there existed here any debts or other demands against the deceased.

It is contended that the District Court erred in admitting in evidence the transfer of the deed of trust, because it appeared that it was executed by a foreign administratrix who had no authority to make the transfer.

It is the established doctrine in this court that a foreign administrator can not, merely as such, recover in the courts of this State upon a debt belonging to the estate of the decedent.    Terrell v. Crane, 55 Texas, 81.    In other States the authorities conflict as to the right of the assignee of such an administrator to sue for and recover a debt.

In the New York Court of Appeals, in the case of Peterson v. The Chemical Bank, 32 New York, 46, a distinction between a foreign administrator and the assignee of one was recognized.    In the opinion the following language is used: "The rule is not that our courts do not recognize titles thus acquired.    It is simply that a foreign executor or administrator can have no standing in our courts.    The plaintiff does not occupy that position.    He sues in his own right and for his own interest and represents no one.    In my opinion the disability to sue does not attach to the subject of the action, but is confined to the person of the plaintiff."

In the case of Harper v. Butler, 2 Peters, 239, the Supreme Court of the United States decided that: "When an executor having proved the will of his testator in Kentucky had assigned a promissory note due to the estate by a citizen of Mississippi, the suit was well brought in that State by the assignee without a probate of the will there."

In the case of Reynolds v. McMullen, 55 Michigan, 568, it was held by the Supreme Court of Michigan that an administrator appointed in Missouri could not by selling a debt and mortgage against a resident of Michigan confer upon the assignee the right to enforce the same by a suit in the courts of the latter State. The opinion of the court by Judge Cooley based the denial of the remedy upon the provisions of the statutes of Michigan with regard to mortgages, which it was held had not been complied with, and upon the pendency of an administration

upon the estate of the decedent· at the same time in the State of Michigan. In the course of the opinion it is said: "Where an administrator, in the forum of his appointment, has assigned demands bona notabilia there, it may be correct to hold that his assignee may sue thereon here in his own name.".

Sherwood, J., concurred in the result upon other. grounds. In his opinion it is said that "the proper place for administering such assets must be where alone payment can be enforced against the debtor;" and that, "The assignee of these claims due from the debtors in this State stands in no other or better position than did the public administrator who made the assignment to him, and could confer no rights which he did not possess;" and further, that "An executor or administrator may lawfully sell the personal estate of the deceased, unless prohibited, at public or private sale without the order of the. judge of probate, within the jurisdiction of the court where such property is· assets in his hands for administration, and the purchaser will take good title thereto, provided the property was assets within the control and jurisdiction of the court where administration was granted. He can not make such sale, however, when he has not the right to enforce collection." The learned justice quotes many authorities in support of his position, but admits that there is a conflict of cases upon the subject, and that "several very able jurists take a different view from that above expressed."

In the case of Abercrombie v. Stillman, 77 Texas, 591, this court held that the assignee of a negotiable instrument, holding under a foreign administrator, held the title and could maintain in our courts a suit for its collection. The mortgage has always been treated here as a mere incident of the debt. The assignment of the debt even by parol draws after it the mortgage as an appurtenant to it. Perkins v. Sterne, 23 Texas, 563.

The substantial controversy is with regard to the right of such an assignee to maintain a suit for the collection of the debt. It was not made to appear that there was an administration in this State upon the estate of the debtor, nor that there was a necessity for one for any purpose, nor that there was any statute of the State of Michigan denying to an administrator in that State the power of making such a transfer.

The judgment is affirmed.

*Affirmed.*

Delivered November 18, 1891.