### C. A. KELLER v. L. H. ALEXANDER ET AL.

Decided June 13, 1900.

**1. Promissory Note—Failure of Consideration—Mortgage—Estoppel.**

K., owning a ranch on which he had given a mortgage, exchanged it with A. for city lots, and gave A. a vendor's lien note on the lots for the amount of the mortgage, it being agreed that if A. paid the mortgage, K. would pay the note, but if K. paid it, the note should be returned to him. The mortgage was foreclosed and the land bought in by the mortgagee for part of the mortgage sum, and then K. settled the mortgage in full and took from the mortgagee a quitclaim of the ranch to himself. Held, that as such payment did not inure to the benefit of A. or his grantee, it was no defense to the note; and as it was not shown whether the deed of the ranch by K. to A. was with warranty, the question of title in A. by estoppel, despite the quitclaim to K., did not arise in the case.

**2. Same—Indorsement in Blank—Parties.**

The indorsement of a note in blank gives the holder an absolute right of action thereon, irrespective of whether or not he has any beneficial interest in the note.

**3. Same—Indorsement of Foreign Executor.**

A foreign administrator may assign by indorsement a negotiable promissory note, the property of the estate, and the indorsee may maintain a suit in this State in his own name on the note.

**4. Practice—Recall of Witness.**

It is not an abuse of discretion for the court to permit plaintiff, after close of the evidence and argument begun, to recall the defendant as a witness, since defendant could not be surprised at his own testimony.

APPEAL from Bexar. Tried below before Hon. S. J. BROOKS.

*Leo Tarleton, Chas. W. Ogden,* and *Mason Williams,* for appellant.

*Denman, Franklin, Cobbs & McGown* and *Upson, Newton & Ward,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee, L. H. Alexander, against the appellant C. A. Keller, as the maker, and the appellee, John H. Moore, as the indorser, upon a promissory note reciting that it was given for a part of the purchase money of certain lots situated in the city of San Antonio, Texas, upon which a vendor's lien is retained to secure its payment, made on the 1st day of November, 1890, by C. A. Keller to John H. Moore for $4025, payable on the 1st day of February, with interest at the rate of 6 per cent, payable semiannually.

As his defense Keller alleged in his answer: That on February 1, 1889, he owned a ranch in Medina County, Texas, and executed and delivered a mortgage thereon to secure a note of that date made by him to the Equitable Mortgage Company for the sum of $4025, due February 1, 1894; that afterwards he traded the ranch to his codefendant J. H. Moore for certain lots in the city of San Antonio, it being the same property described by the recital in the note sued on; that it was estimated and agreed by him and Moore that the lots and ranch were of equal value, and Moore agreed to accept the ranch and pay off the mort-

gage thereon when due; that in consideration of Moore's agreement to pay the note secured by the mortgage lien on the ranch, he (Keller) executed to him the note sued on, which recites that it was given for a part of the purchase money of the property for which the note was made.; that afterwards Moore traded the ranch to J. S. Alexander, who agreed to assume and pay off the mortgage on the Medina County ranch; that in consideration of Alexander's agreement to pay said mortgage, made by him with knowledge of all the facts and circumstances connected with the note, Moore transferred the note to him; that afterwards J. S. Alexander fraudulently transferred or pretended to transfer the note to his father, John Alexander, thereby fraudulently and wrongfully putting the note in circulation; that when the note secured by the mortgage on the Medina ranch fell due, neither Moore nor Alexander would pay the same, and that defendant Keller was compelled to and did pay said note and mortgage, and hence the consideration for the note sued on has wholly failed.

Afterwards Keller filed a supplemental answer in which he avers that L. H. Alexander is not entitled to recover in the capacity in which he sues.; that the note was transferred to him by the executors of John Alexander, deceased, without consideration; that he has no interest in the suit, and is not the proper but only the nominal plaintiff, and is suing for the benefit of the executors of his father's estate; that defendant Keller did not know these facts when he filed his original answer, but they have since then been made known to him by the depositions of plaintiff. The supplemental answer closes with a prayer that the suit be dismissed, and is duly verified.

The answer of Moore, after stating the trade between him and Keller alleged in the latter's answer, avers that at the time of said contract there was a mortgage existing upon the Medina property for the sum of $4025, which Keller, under the terms of the contract, was to pay off and discharge, the interest upon which Keller was to keep paid until he discharged the mortgage; that in order to secure Moore in the payment of said note for $4025 and the discharge of the lien existing upon the land traded to him by Keller, the latter executed to him (Moore) a deed of trust upon the property situated in Bexar County traded by Moore to him, for the same amount as said mortgage, to wit, $4025, and providing for interest at same rate and maturing at the same time; it being understood and agreed that said note of C. A. Keller to Moore should be redelivered to Keller as satisfied in the event Keller satisfied said mortgage upon the Medina County property. In all other respects Moore's answer is substantially as Keller's.

The case was tried before a jury who, under a peremptory instruction given by the court, returned the verdict in favor of the plaintiff upon which the judgment was entered from which this appeal was prosecuted.

For the purpose of determining whether the court erred in peremptorily instructing the jury to find for appellees, we will assume that under the evidence the appellee, L. H. Alexander, should be charged with knowledge of all the facts that Keller might have plead against

an action brought against him by John H. Moore, had the note remained in his hands and never been transferred by him. If then, upon this assumption the undisputed evidence shows that Moore would be entitled to recover in such an action, there would be no error in the court's peremptory instruction, for the appellee would stand in the shoes of Moore and likewise be entitled to recover in this action.

As to the transaction out of which the note sprang, and the consideration for which it was given, C. A. Keller testified as follows: "About November 1, 1890, Dr. Moore and I had been on a trade. I was trading him a ranch out in Medina County for some lots in the city. We considered the property worth about the same; considered the values about equal. There was a mortgage, however, of $4025 on my ranch in Medina County, which was to mature February 1, 1894. The Medina County ranch was my property, and the lots at West End, in the city of San Antonio, were Dr. Moore's property, and in order to equalize matters it was agreed that I should give a vendor's lien note upon the lots at West End that Dr. Moore traded me for $4025 to fall due on the same date the mortgage on the Medina County ranch was to fall due, and that went to balance the other. Dr. Moore was to pay the mortgage on the Medina County ranch, and if he did so, I was then to pay the mortgage on the West End property. The consideration of the one was the payment of the other, and when the Medina County ranch was paid off I was to pay Dr. Moore $4025, or, as he put it, 'When you get ready to pay this, that money will cancel the other.' Then if I should pay the $4025 mortgage on the Medina County ranch, that would cancel the lien on the lots, and if Dr. Moore paid off the lien on the ranch, then I was to pay him the $4025. The one canceled the other. The consideration for the note of $4025 which I gave to Dr. Moore was that Dr. Moore would pay the $4025 mortgage on the ranch. If Moore did not pay the $4025 mortgage on the ranch, then the consideration for the note upon which this suit is brought, failed."

As to the same matters the testimony of John H. Moore is: "The circumstances leading to the execution of the deed from C. A. Keller and his wife to me of the Medina County ranch on November 3, 1890, was an agreement between Judge Keller and myself to exchange property. C. A. Keller owned a ranch in Medina County, and I had some property at West End, and after investigating the property, we agreed to exchange it even, we agreeing that the two properties were of even value. There was a mortgage on the Medina County property for $4025. I agreed to trade if the matter could be arranged properly to secure me against paying the mortgage on the Medina County ranch, and to secure me against said mortgage Judge Keller gave me a vendor's lien for the same amount on the lots at West End. He told me that he would give me a vendor's lien on the twenty-six lots to secure me in event of his failure to pay this $4025, which was a lien on the ranch. In consideration of that we traded even. In the event I paid the mortgage on the Medina land, Judge Keller was to pay me the note herein sued on. In

the event he paid the mortgage on the Medina County land, I was to cancel the note herein sued on and return it to him."

In determining the question under consideration, it is immaterial whether the understanding was that Moore was to pay off and discharge the note and lien on the Medina County ranch, and then Keller was to pay him the note upon which this suit was brought, or whether it was their understanding that Keller should pay off and discharge the incumbrance on the Medina County property, and the note sued on was made to secure Moore in Keller's undertaking to discharge the mortgage incumbrance upon the Medina County property. Under either understanding the effect would be the same, for Keller would be bound to pay $4025—the amount secured by the mortgage on the Medina County ranch—to Moore, if Moore paid the mortgage, to the holder of the mortgage if not discharged by Moore. In any event the land conveyed by Keller to Moore was to be relieved of the mortgage lien, and such release was to inure to Moore's benefit.

Now, if the evidence shows that Keller paid the note and discharged the mortgage on the Medina County property for Moore's benefit, he would not be liable to Moore upon the note had it never left his hands, and, upon the assumption we started out with, consequently the plaintiff in this action could not recover a judgment on it against Keller. Then, did Keller pay said note and discharge the land of the mortgage, and if so, was it for the benefit of Moore or his vendees?

Keller testified: "On April 5, 1895, John S. Alexander [to whom John H. Moore had before sold the Medina property] having failed to pay off the note and mortgage on the Medina ranch, I was compelled to pay it off, and did so, taking up the note and mortgoge which were delivered to me. I paid $5192.25 on April 5, 1895, and took up the note and mortgage on the Medina County ranch, and as I paid said last named mortgage, of course the consideration for the other one failed." If the testimony on this question under consideration stopped here we would be strongly inclined to adopt the conclusion expressed in the last clause of the evidence quoted. But, after the testimony in the case had been closed and two arguments had been made to the jury, Mr. Keller was recalled by the plaintiff and testified as follows: "When this note to the Equitable Mortgage Company executed by me and my wife and the mortgage upon the Medina ranch matured, the mortgage company advertised the place for sale, so I understood afterwards. I did not know at the time that the place was advertised for sale. I had no notice of the fact. I understand the sale was made. They sold this property under mortgage and bid it in for a nominal sum. After the deed had been made to the Equitable Mortgage Company, and they had acquired title to the land, I paid off the mortgage and note. They came to me and threatened suit for the balance due on the note, and in 1895 I settled the note. Subsequently the mortgage company conveyed the ranch to me after I paid off the note and mortgage. When this note and mortgage matured I did not then take it up because I did not know the place had been advertised for sale. I did not take the note up when

it matured, but I took it up afterwards, and then, after I had paid the entire note, the mortgage company gave me a quitclaim deed to the place."

From this evidence it undisputably and conclusively appears that the mortgage lien on the Medina County ranch was not discharged by Keller for the benefit of John H. Moore or his vendees, but that the property was sold by virute of it, and bought in by the Equitable Mortgage Company, and that after such sale, when Keller paid the note, the mortgage company conveyed the land to him by a quitclaim deed.

Under these facts, shown by his own testimony, can Keller, without reconveying or offering to reconvey the land to Moore or his vendees, be relieved from the payment of the note sued on, though held, as we have assumed, by a party against whom every defense can be made that could have been interposed to a suit brought on it by John H. Moore? To answer this in the affirmative would be in effect to hold that Keller somehow got the lots conveyed to him by Moore for nothing, for if he had never traded with Moore he would have had to discharge the note and mortgage lien on the Medina property. So he has done nothing more than he would have been compelled to do had the trade never been made, and now has the San Antonio lots as well as the land he exchanged for them. Right and justice require a negative answer to the question.

The court did not abuse its discretion in permitting the plaintiff to recall Mr. Keller as a witness after the parties had closed the evidence and commenced the argument. He can not claim that he was surprised or wrongfully prejudiced by the truth which fell from his own lips. Justice required the admission of the evidence.

There is no merit in appellant Keller's plea in abatement. The note was indorsed by the payee, J. H. Moore, to J. S. Alexander, and by J. S. Alexander in blank. It was assigned by the executors of John Alexander, deceased, to Lucian H. Alexander, the plaintiff in this case. An indorsement of a note in blank transfers the legal title to the holder and invests in him the absolute right of action. Association v. Plagge, 53 N. E. Rep., 76.

There is no error in the judgment and it is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

While, according to the testimony of appellant, Moore agreed to pay off the note and mortgage on the Medina ranch, it is shown by his as well as Moore's statement of the agreement that it was contemplated that the payment might be made by Keller, and provided for such contingency. The appellant testified the understanding was that "if I should pay the $4025 mortgage on the Medina County ranch, that would cancel the lien on the lots [meaning the West End lots], and if Dr. Moore paid off the lien on the ranch, I was to pay him the $4025. The one canceled the

other." Moore testified: "In the event I paid the mortgage on the Medina land, Judge Keller was to pay me the note sued on. In the event he paid the mortgage on the Medina County land, I was to cancel the note sued on and return it to him."

So, as is said, it is seen that it was contemplated by the parties that Keller might pay off the mortgage, and provision was made for that event. But it could not have been contemplated that in the event Keller discharged the mortgage he was to have both the Medina land and the West End lots and be released from the note sued on; for this would be tantamount to Moore's giving appellant the West End lots. The conclusion can not be escaped that if Keller paid off the mortgage, and was thereby discharged from the payment of the note sued on, the payment was to inure to Moore's benefit, that is, he would then hold the Medina land unincumbered by the mortgage. If, after the land was sold under the mortgage and bought in by the company, Keller had paid off the incumbrance upon it and taken a deed from the company to Moore, an action by the latter could not be maintained on the note made to him by Keller, for under the agreement the note should be canceled. If it appeared from the evidence that Keller, when he traded with Moore, conveyed the latter the Medina ranch by a warranty deed, we would be strongly inclined to hold that when Keller paid the mortgage debt on the Medina property and took a quitclaim deed to himself he would be released from the payment of the note sued on, upon the principle that Moore would then have taken title to the Medina ranch by estoppel. That is to say, Keller would, if he in the first instance had made Moore a warranty deed, be estopped by such deed from claiming title against Moore under the quitclaim deed taken in his (Keller's) name to the Medina property, and Moore thus having title to the ranch discharged of the mortgage lien, could not maintain an action on the note given him by Keller.

But there is no evidence in the record of the deed from Keller to Moore being a warranty, and it conclusively appearing from the evidence that when Keller paid off the mortgage he took a quitclaim deed for the property to himself, and that he holds title thereto adverse to Moore, we can not see how Keller can in justice escape payment of the note upon which the judgment against him in this case is rendered.

There was no error in the court's failure to sustain appellant's plea in abatement, for it is settled that a foreign administrator may assign by indorsement a negotiable promissory note, the property of the estate, and the indorsee may maintain suit in this State in his own name on the note. Solinsky v. Bank, 82 Texas, 244; Abercrombie v. Stillman, 77 Texas, 591.

The motion is overruled.

*Overruled.*

Writ of error refused.