BLOCH v. RIO GRANDE VALLEY BANK & TRUST CO. (No. 641.)

(Court of Civil Appeals of Texas. El Paso. Dec. 7, 1916. Rehearing Denied Jan. 5, 1917.)

1. BILLS AND NOTES ☞74—ACCEPTANCE OF BILL OF EXCHANGE.

Where drafts were presented to, and accepted by, the defendant, there was a primary contract between him and the owner of the drafts, and he became absolutely liable, regardless of the question whether or not the payee in the drafts was alive or dead when they were drawn.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 125, 126, 128, 130–135, 137–141; Dec. Dig. ☞74.]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. BILLS AND NOTES ⬤⟳467(2)—PLEADING—COMPLAINT—SUFFICIENCY.

In an action against the drawee of drafts, an allegation that the drafts were indorsed and delivered by the owner is a sufficient allegation of a legal indorsement without allegation of the name of the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1481–1487, 1490, 1491; Dec. Dig. ⬤⟳467(2).]

3. BILLS AND NOTES ⬤⟳485—PLEADING.

Under the direct provisions of Rev. St. 1911, art. 588, in an action against the drawee of a bill of exchange, in the absence of a sworn plea raising any issue as to the genuineness of the indorsements, it was not necessary to offer any proof to support the allegations that the drafts had been indorsed and delivered.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1542–1554; Dec. Dig. ⬤⟳485; Pleading, Cent. Dig. §§ 866, 875.]

4. BILLS AND NOTES ⬤⟳467(2)—PLEADING—FOREIGN LAWS.

The holder of drafts belonging to the estate of a foreign administrator and indorsed by the latter can maintain a suit on the drafts in the courts of Texas without alleging the administration laws of the foreign country or state.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1481–1487, 1490, 1491; Dec. Dig. ⬤⟳467(2).]

5. BILLS AND NOTES ⬤⟳489(2)—ACCEPTANCE OF BILL OF EXCHANGE—PLEADING—PROOF.

In an action against the drawee of a draft, where the pleading does not state whether the acceptance was oral or in writing, it is permissible to prove either a verbal or a written acceptance.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1588, 1589; Dec. Dig. ⬤⟳489(2); Pleading, Cent. Dig. § 1327.]

Error from El Paso County Court; Adrian Pool, Judge.

Suit by the Rio Grande Valley Bank & Trust Company against Herman Bloch. Judgment for plaintiff, and defendant brings error. Affirmed.

Jno. T. Hill, of El Paso, for plaintiff in error. Goldstein & Miller, of El Paso, for defendant in error.

HIGGINS, J. Defendant in error brought this suit against Bloch to recover upon three drafts each in sum of $100 and one in sum of $200, drawn by Juvencio Estrada upon Bloch. The $100 drafts were dated March 2, March 4, and March 5, 1915, respectively, and the $200 draft was dated March 10, 1915. Appellee, in its petition, alleged the facts stated, and these further averments mere made, viz.: That the three $100 drafts were drawn payable to the order of J. Goodman at sight and the $200 draft was drawn payable to the order of Testamentaria de Jose Goodman at sight; that said drafts were presented to and accepted by Bloch on March 10, 1915; that by the execution of the drafts and the acceptance thereof by Bloch he promised, agreed, and bound himself to pay to the order of J. Goodman, at sight, the three sums of $100, evidenced by the first three drafts, and to pay to the order

of the Testamentaria de Jose Goodman, at sight, the sum of $200 evidenced by the last draft; that, while the first three drafts were payable to the order of Jose Goodman, they were, in fact, the property of and belonged to the estate of Jose Goodman and were delivered to Testamentaria de Jose Goodman, that is to say, under the laws of Mexico, to the administrator of the estate of Jose Goodman; that the said Testamentaria de Jose Goodman, i. e., the administrator of the estate of Jose Goodman, indorsed and delivered the drafts to plaintiff; and that plaintiff was the owner and holder thereof. Verdict was returned and judgment rendered in plaintiff's favor.

It is asserted that the petition is subject to a general demurrer because it shows upon its face that J. Goodman was dead when the drafts were drawn and they were therefore null and void. In support of this contention, our attention is called to authorities holding that a promissory note in favor of a payee who is dead is void. Those authorities are not in point where an acceptor of a draft is sought to be held liable upon his acceptance. The drawee of a draft is not a party to or in any way liable thereon until he has accepted it. Gamer v. Thomson, 35 Tex. Civ. App. 283, 79 S. W. 1083. Upon his acceptance, a privity of contract is created between him and the holder, and such contract is not collateral, but primary. Raborg v. Peyton, 2 Wheat. (U. S.) 385, 4 L. Ed. 268. His engagement to pay is general, and he is considered the principal debtor. By acceptance, the bill becomes very similar to a promissory note; the acceptor being the promisor. Mr. Bigelow says:

"By absolute acceptance, the drawee contracts much as the maker of a promissory note contracts; he binds himself to the holder absolutely to pay, according to the tenor of the bill. * * * Besides undertaking to pay, the acceptor 'admits' as a legal incident to his contract, the existence of the drawer, the genuineness of the drawer's signature, and his capacity and authority to draw the bill, and also the existence of the payee and his capacity at the time to indorse." Bigelow on Bills, Notes & Checks (2d Ed.) pp. 51, 52.

See, also, Kildare Lumber Co. v. Bank, 91 Tex. 95, 41 S. W. 64; White v. Dienger, 25 S. W. 666; 1 Daniels on Neg. Insts. (6th Ed.) § 532; 4 Am. & Eng. Ency. Law (2d Ed.) 450; 7 Cyc. 770.

[1] In this case, it is alleged that defendant in error is the owner of the drafts by indorsement of the administrator of the estate of Jose Goodman; that the drafts were presented to and accepted by Bloch. This showed a new and primary contract between him and the owner of the drafts, and he became absolutely liable upon this contract regardless of the question of whether Goodman was alive or dead when the drafts were drawn.

[2, 3] It was not necessary to allege the

name of the indorser of the drafts. It was alleged that they were indorsed and delivered by the administrator of Goodman's estate, and this was a sufficient allegation of a legal indorsement. There was no sworn plea raising any issue as to the genuineness of the indorsement, and, in the absence thereof, it was not necessary to offer any proof to support the allegations that the drafts had been indorsed and delivered. Article 588, R. S.

[4] There was no necessity to allege what the administration laws of Mexico were. A foreign administrator can indorse drafts belonging to the estate represented by him, and the holder of such drafts can maintain suit on the same in the courts of this state. Solinsky v. Bank, 82 Tex. 244, 17 S. W. 1050; Abercrombie v. Stillman, 77 Tex. 589, 14 S. W. 196; Keller v. Alexander, 24 Tex. Civ. App. 186, 58 S. W. 637.

[5] It is contended that an acceptance in writing was alleged, and the court therefore erred in submitting the issue of a verbal acceptance. The pleading does not state whether the acceptance was oral or in writing. With such a pleading, it was permissible to prove a verbal or a written acceptance.

Affirmed.