## THACKER v. LINDAHL et al.

### No. 1533—5848.

Commission of Appeals of Texas, Section A.

April 28, 1932.

W. T. Carlton and Greenwood & Lewis, all of Harlingen, for plaintiff in error.

A. B. Crane, Crowell & Crane, Davis E. Decker and Decker, Foster & Allen, all of Raymondville, for defendants in error.

HARVEY, P. J.

This suit was brought in the district court of Willacy county, by the plaintiff in error, S. W. Thacker, who resides in Minnesota, against Alvin A. Lindahl and Ethel G. Lindahl, who reside in Willacy county, in this state. The suit is for recovery, by Thacker, in his own name, on certain promissory notes executed by the Lindahls, payable to the order of one L. E. Gesell. The notes were by the latter transferred, under his indorsement, without recourse, to Barbara Joos, of Alma, Wis. Thereafter, while still owning the notes, Barbara Joos died, testate. Her will was duly probated in Wisconsin; administration of her estate was opened there, and John A. Tritsch, of that state, is the duly appointed executor. No administration of the estate has ever been opened in Texas. One of the notes bears the following indorsement: "Pay to the order of S. W. Thacker" (signed) "John A. Tritsch, as executor of the will of Barbara Joos, deceased." The indorsements of the executor on the other notes are variously worded, but, so far as material here, are to the same effect as the indorsement set out above. In their answer to the suit, the defendants set up a plea in abatement, among other matters of defense, on the ground that the notes belonged to the estate of Barbara Joos, deceased, and that Thacker merely held them for collection, and therefore did not have capacity to sue on them in this state. In a supplemental petition, Thacker made the following admission: "Comes now the plaintiff and admits that he holds the notes sued on in plaintiff's first amended original petition by restrictive indorsement from the executor of the estate of

.589

Barbara Joos, deceased, and that he holds the legal title for collection only, as trustee for the estate of Barbara Joos, deceased, and that the equitable and beneficial title is owned by the estate of Barbara Joos, deceased. * * * "

The trial court overruled the plea in abatement, and upon a hearing of the case, on the merits, rendered judgment for Thacker for the amount sued for. The Court of Civil Appeals reversed that judgment, and dismissed the cause. 26 S.W.(2d) 283.

No doctrine is more firmly established than that a foreign executor, as such, cannot sue in the courts of this state, on a note belonging to the estate of the decedent. This lack of power to sue here does not, however, affect his power to sell the note, and transfer the property rights therein by indorsing the instrument to another. The indorsee, in such a case, can then bring suit on the note, in this state, in his own right. Solinsky v. Fourth Nat. Bank, 82 Tex. 244, 17 S. W. 1050; Abercrombie v. Stillman, 77 Tex. 591, 14 S. W. 196; Simpson v. Foster, 46 Tex. 618; 24 C. J. 1122; 11 R. C. L. 449. The reason which lies at the bottom of this rule is easily seen; the indorsee having acquired the note in his own right can sue in his own right, regardless of the executor's disability to sue in this state. Petersen v. Chemical Bank, 32 N. Y. 21, 88 Am. Dec. 298. But where the foreign executor transfers the note for collection, a different situation arises. In that case, the transferee does not become the real owner of the note, but it still really belongs to the estate of the decedent, and the debt evidenced thereby remains an asset of the estate. Whatever right or power to sue that becomes invested in the transferee in such transaction depends on the power which the executor has in that respect, and is subject to the same limitations. In no event can the executor delegate a power to sue on the note, for the benefit of the estate, which the executor, himself, does not possess. Respecting a suit on the note, in this state, such a transferee rests under the same disability as does the executor. We see no reason why the form of the indorsement by which the transfer was effected should override a formal admission of the indorsee, which shows that his real status, with reference to the note, is such as disables him to sue thereon in this state.

The admission of the plaintiff in error, as hereinabove set out, discloses that his relation to the notes sued on is such that he has not ability to bring this suit. He is concluded by his admission, and the judgment entered by the Court of Civil Appeals, dismissing the suit, is correct.

The writ of error in this case was granted on account of alleged conflict with the decision in the case of Keller v. Alexander, 24 Tex. Civ. App. 186, 58 S. W. 637. We have carefully examined the opinion of the court in the latter case, and find nothing in the opinion which does not harmonize with the decision of the Court of Civil Appeals in the present case, and with our holding herein. The Supreme Court will not go behind the recorded opinion of an appellate court, in a prior case, for the purpose of producing a conflict of decisions.

We recommend that the judgment of dismissal entered by the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.