### YOUNG v. MAPLE et al.

No. 3169.

Court of Civil Appeals of Texas. Beaumont.

Jan. 29, 1938.

Rehearing Denied Feb. 9, 1938.

Jesse G. Foster and R. F. Robinson, both of Raymondville, Seabury, Taylor & Wagner, of Brownsville, and William D. Orem, of Houston, for appellant.

West & Hightower, of Brownsville, for appellees.

WALKER, Chief Justice.

This appeal was prosecuted to the San Antonio Court of Civil Appeals, and transferred to this court by orders of the Supreme Court. Tried to the court without a jury, the case before us was an action by appellees, Laura E. Lamberson Maple et al., filed 10-3-1935 against appellant, Chas. N. Young, praying for judgment for the balance due on a vendor's lien note dated 7-11-1927 for the sum of $18,814 due five years after date, with interest at 6 per cent. per annum from date, and 10 per cent. attorney's fees, executed by W. A. Harding to H. A. Lamberson in part payment of 653 acres of land in Willacy county, and for foreclosure of the vendor's lien against this land. Appellees alleged that on the 9th day of April, 1929, W. A. Harding conveyed this land to the Delta Orchards Company; on the 21st day of April, 1932, the Delta Orchards Company conveyed it to the Rio Grande Properties Company; on the 1st day of March, 1935, the Rio Grande Properties Company conveyed it to appellant, Chas. N. Young; that, as a part of the consideration, each of the grantees assumed the payment of the note sued upon. Appellant's defenses were: (1) That the note sued upon was barred by limitation when this suit was filed, and (2) appellees did not own, and did not hold a justiciable interest in, the note sued upon. The judgment of the court was in favor of appellees against appellant for the relief prayed for.

Measured by its maturity date, the note in issue was not barred by limitation. But the holder accelerated its payment and instituted suit thereon on August 3, 1930, against Delta Orchards Company, who at that time held title to the land and by direct assumption had assumed its payment as part of the purchase price of the land. This suit was dismissed on the 6th day of October, 1930; the order of dismissal recited payments on the note, reducing it to $12,500, and renewal of the note for the unpaid balance, as of its original maturity date. From the maturity date of the note, resulting from its acceleration, the note was barred when this suit was filed on the 3d day of October, 1935. Appellant contends that he was an innocent purchaser of the land against the renewal of the note by the judgment of dismissal. This contention is denied. The deed to appellant from Rio Grande Properties Company, dated the 1st day of March, 1935, recited the following consideration:

"The considerations of this conveyance as follows:

"(1) The sum of Ten and No/100 ($10.-00) Dollars cash, and other good and valuable consideration paid by said grantee, receipt of all of which is hereby acknowledged by the undersigned grantor.

246

"(2) The grantee herein does by the acceptance of this deed assume and agree to pay all taxes and public assessments against said real estate and further assumes and agrees to pay all indebtedness secured by lien or liens of record against said respective parcels of real estate."

By accepting this deed, appellant agreed to pay, and became liable and bound to pay, all outstanding indebtedness against the 653 acres of land, which included the note in issue. By his express assumption and agreement to pay the note, he made it his personal obligation, as of even date with his deed.

■ There is no merit in appellant's contention that he was not bound to pay the note because his assumption contract did not refer to the maker of the note or notes, their dates, their amounts, the date of their maturity, rate of interest, or when they were payable. His deed, the recitals in his deed, the abstract of title to the land, the examination of the abstract by his attorney—these facts and circumstances gave him all the information called for in his proposition. To sustain appellant's proposition would amount, in substance, to a gift to him of the 653 acres of land, leaving his grantors, under their prior assumption contract, obligated to pay this note, with no recourse against the land.

■ We overrule appellant's contention that he was an innocent purchaser against the renewal of the note by the judgment of dismissal entered in the suit against Delta Orchards Company, as described above. The facts were sufficient to support the court's judgment on the theory that appellant had notice of this renewal. But we pretermit a discussion of the evidence on this point, and the law controlling the evidence, because appellant was bound and obligated to pay the note by his express assumption agreement.

■■ Appellees owned and held such an interest in the note as entitled them to file and prosecute this suit. On this point we adopt the following statement from appellees' brief:

"On the trial, plaintiffs as owners and holders thereof produced and offered in evidence the Note No. 1 sued on by them together with all the endorsements thereon. Among others, this note bore on the back thereof endorsement as follows:

" 'August 21, 1936, I hereby sell, transfer and assign to Laura E. Lamberson Maple, Hallie Lamberson Cook formerly Hallie Lamberson Capshaw and Preston Taulbee, 85% of the within note together with all liens upon the property securing payment of the same. Laura E. Lamberson Maple, Administratrix with will annexed de bonis non of the Estate of H. A. Lamberson deceased.'

"In the trial on the Pleas in Abatement as well as on the merits, Appellees offered in evidence duly authenticated copies of certain proceedings in the Probate Court of Sedwick County, Kansas, in a certain cause therein pending, styled: 'In the Matter of the Estate of H. A. Lamberson, deceased', being:

"(a) The Petition of Dora Lee Adair to probate the Last Will and Testament of Lamberson, deceased, which petition recites that the instrument in writing therewith filed purports to be the Last Will and Testament of Lamberson who died November 23, 1934, at which time he was a resident of Wichita, Sedwick County, Kansas; that decedent left surviving him three and only three heirs at law, to-wit: Laura E. Lamberson Maple, Hallie Lamberson Capshaw, both daughters and Preston Taulbee, grandson, each of legal age and each being legatees and the petitioner therein prays that such instrument in writing be admitted to record and probate in that Court as the Last Will and Testament of the deceased.

"(b) The Last Will and Testament of Lamberson, deceased, in which he named Dora Lee Adair as his Executrix, and provided that after the payment of his debts and administration costs the Executrix shall then distribute his estate share and share alike between his children, Laura E. Lamberson Maple and Hallie Lamberson Capshaw, and his grandson, Preston Taulbee, who shall take the share of his mother who was decedent's daughter, Anna Lamberson Taulbee, as such deceased daughter would have taken if living.

"(c) Proof of said Will.

"(d) Letters Testamentary of Dora Lee Adair.

"(e) Order admitting Will to Probate and appointing Dora Lee Adair Executrix.

"(f) Order of the Court showing resignation of Executrix and appointing Administratrix with will annexed de bonis non. This Order showing Dora Lee Adair resigned as Executrix in open Court; that there was at that time present and before the Court Laura E. Lamberson Maple, Hal-

lie Lamberson Capshaw and Preston Taulbee, both in person and by their attorneys; that the Court therein found and decreed that said three named persons are the sole and only heirs of Lamberson, deceased, and are also the only legatees and devisees under his Last Will and Testament; the Court therein ordering and decreeing that Laura E. Lamberson Maple be and she thereby was appointed such Administratrix on her filing bond in the amount of $10,000.00 which bond was then filed and thereupon approved.

"(g) Letters of Administration to Laura E. Lamberson Maple as Administratrix as aforesaid.

"(h) Application for Order of Partial Distribution made by Laura E. Lamberson Maple as such Administratrix, showing, among other things, that among the assets coming into her hands as Administratrix was a certain undivided 85% interest in the above Note No. 1 secured by a lien on the 653 acres in quesion; further showing that there were no unpaid claims filed against the estate; that also to the knowledge of the applicant there were no unpaid debts owing by the estate; that further there was sufficient personal property on hand with which to pay the costs of administration; that further a partial distribution should be made in said cause by her as Administratrix; that there were no unpaid special bequests under the Will; that sole and only legatees and devisees under the Will were and are said Laura E. Lamberson Maple, Hallie Lamberson Cook and Preston Taulbee and that said Administratrix should be authorized and directed to make partial distribution of the interests of said estate in and to said Note and the liens to said sole devisees and legatees under said Will; in which application, said Administratrix concluded with a prayer for an Order of the Court authorizing and directing her as Administratrix to make such partial distribution by assigning and transferring the interests of the estate in and to the Note to the sole devisees and legatees under the Will, which application was sworn to by her as being a true statement of the matters there in contained.

"(i) The Order of the Court directing partial distribution which Order recites that the last above verified application having come on for a hearing, the Administratrix appearing in person and by her attorney, and no person appearing to object and the Court finding that the allegations contained in the verified application are true; that there are no unpaid claims filed against the estate; that there is sufficient personal property on hand with which to pay the costs of administration; that partial distribution may be made of the Note and the liens referred to in the application to the sole devisees and legatees without injury to the Estate and the Court finding that the Administratrix should be authorized and directed to make partial distribution of the 85% interest of the estate in the above Note; it was therein ordered and decreed by the Court that such Administratrix be and she therein was authorized and directed to make partial distribution of such 85% interest of the estate in such note and the liens securing its payment, fully identifying both the note and the 653 acres securing its payment; and it was further ordered and decreed by the Court that the Administratrix be and she was therein authorized and directed to make, execute and deliver proper assignments of all the right, title and interest of the Estate in and to said property to said legatees and devisees.

"Included in the authentication of the above instrument appear appropriate recitals showing that the Sedwick County, Kansas Probate Court is a Court of Record, and that the above instruments are filed and of record in that Court.

"Further, in the hearing on the Pleas in Abatement as well as in the trial of the case on its merits, Appellees offered in evidence the transfer, assignment and conveyance by the above Administratrix of Note No. 1 and the liens securing its payment to the three named legatees and devisees under the Lamberson Will made pursuant to the last above mentioned application to and order of the Probate Court of Sedwick County, Kansas."

The parties claiming the note under these transfers and judgments were the plaintiffs below, were awarded judgment on their title, and are the appellees herein. The orders, judgments, and decrees of the probate court of Sedwick county, Kan., were judicial proceedings, duly authenticated as required by the Acts of Congress, 28 U.S.C.A. § 687, under the full faith and credit clause of the Federal Constitution, article 4, § 1. We must presume that these orders, judgments, and decrees were entered at the time and in the manner required by the laws of Kansas, and are in all things regular. In Houze v. Houze, 16 Tex. 598, our Supreme Court said:

248

"It is held that the proceedings of Courts of Probate are judicial proceedings, which may be authenticated under the Act of Congress (1 Greenl.Ev. Sec. 505; Cowen & Hill's Notes to Phil.Ev. part 2, P. 316 n 144). The proceedings of a Court of record thus authenticated are presumed to have been by competent authority and in conformity to the local law. The records are evidence, not only of the acts of the Court, but of its jurisdiction. And this presumption has been extended to the records of Courts of Probate. It has been accordingly held that it is not necessary to make proof of the statute authority, or local law which conferred on the Court its authority to act. (Id n. 41, and cases cited.)

"The general principal is not controverted; but it is supposed to be inapplicable to the present case, because it appears that the evidence probating the will was taken before the Judge of the Court of Ordinary in vacation. It further appears, however, by the certificate of the Clerk of the Court, that the Will was 'admitted to probate and record in said Court;' from which it must be taken that it was so admitted by the act of the Court; though the evidence upon which the Court acted was taken before the Judge in vacation. The presumption must be that it was so taken in accordance with law."

This case also answers appellant's contention, that since appellees did not plead the probate law of Kansas, it must be presumed that the laws of Kansas are the same as the laws of Texas, and, under the laws of Texas, the judgments of the Kansas court are void. Under the authority cited, we must indulge the conclusive presumption that the laws of Kansas were followed by the Kansas court in making and entering the orders in issue. The following additional authorities support the judgment of the lower court: Barrett v. Gillard, 10 Tex 69; Norwood v. Cobb, 24 Tex. 551; Abercrombie v. Stillman, 77 Tex. 589, 14 S.W. 196; Hall v. MacKay, 78 Tex. 248, 14 S.W. 615; Solinsky v. Fourth National Bank of Grand Rapids, 82 Tex. 244, 17 S.W. 1050; Keller v. Alexander, 24 Tex.Civ.App. 186, 58 S.W. 637; American Express Co. v. North Fort Worth Undertaking Co., Tex. Civ.App., 179 S.W. 908; Bloch v. Rio Grande Valley Bank & Trust Co., Tex. Civ. App., 190 S.W. 541; Bray v. Union National Bank of Dallas, Tex.Civ.App., 194 S.W. 1165; Hastings v. Bushong, Tex.Civ.App., 252 S.W. 246; Mitchell v. San Antonio

Public Service Co., Tex.Com.App., 35 S.W. 2d 140; Thacker v. Lindahl, Tex.Com. App., 48 S.W.2d 588; Hecht v. Alton, Tex. Civ.App., 59 S.W.2d 428; American National Bank v. Garland, Tex.Com.App., 235 S.W. 562; Tourtelot v. Booker, Tex.Civ. App., 160 S.W. 293; Abeel v. Weil, 115 Tex. 490, 283 S.W. 769; Webb v. Reynolds, Tex.Com.App., 207 S.W. 914.

The judgment of the lower court is in all things affirmed.