W. L. DEW ET AL. v. J. J. DEW ET AL.

Decided May 30, 1900.

</div>

**Foreign Will—Suit to Contest Probate—Jurisdiction.**

The district court has not jurisdiction of a suit to set aside a foreign will probated in another State, a certified copy of which has been, under Revised Statutes, article 5353, filed for record as a muniment of title in a county of Texas in which lands disposed of by the will are situated, since such jurisdiction belongs only to the probate court. Revised Statutes, articles 909, 3364, 3365, 5353, construed.

APPEAL from Gonzales. Tried below before Hon. M. KENNON.

*Atkinson & Abernethy,* for appellants.

*Thomas McNeal,* for appellees.

FLY, Associate Justice.—This suit was instituted by appellants in the District Court of Gonzales County to set aside a will on the ground of forgery, and for a partition of certain lands situated in Gonzales and other counties of Texas. Thomas McNeal, Esq., was appointed to represent certain unknown heirs who had been sued, and upon his demurrer the cause was dismissed on the ground that the District Court had no jurisdiction of the subject matter.

It was alleged in substance in the amended petition: "That Duncan Dew, Jr., died in Birmingham, Ala., on or about October 9, 1897, intestate as to the lands mentioned in the pleadings, leaving a large estate, consisting of real and personal property situated in Alabama and Texas,—the real property in Texas being identified by proper description. That said intestate never married; that he left surviving him neither father, mother, brother, or sister, or the descendant of either; that plaintiffs are the descendants of the brothers and sisters of the intestate's father; and that, as such descendants, they are heirs of said intestate, and entitled to partake and hold of his estate situated in Texas in proportions as in said petition alleged; that the defendants, the unknown heirs of Hutson Greenwood, of Nancy Richardson, and of John Greenwood, are the only descendants of the brothers and sisters of the mother of said intestate, and as such entitled to one-half of said property; and that the other defendants are entitled to the remaining portion thereof, not owned or claimed by plaintiffs.

"2. That on September 22, 1898, after the filing of this suit, the defendant J. J. Dew, intending to appropriate said property and to deprive plaintiffs of their interest therein, caused to be filed in the office of the county clerk of Gonzales County, for record in the register of deeds of said county, an instrument in writing purporting to be a copy of the will of said Duncan Dew, Jr., together with a certificate of its probate and the proceedings had in relation thereto in the probate court of Greene County, Alabama; the same purporting to have been probated at a special term of said court, on January 5, 1898, on the testimony of J. J. Dew and Johnnie Atkins, the only subscribing witnesses thereto, said will purporting to dispose of all property of whatsoever kind which Duncan Dew, Jr., might own or be entitled to receive at his death, as follows: First to the payment of said decedent's debts and funeral expenses; second, to each of decedent's cousins surviving him, five dollars; third, all the rest and remainder thereof to the defendant Joseph J. Dew; said J. J. Dew being appointed executor without bond. Said alleged will being dated June 7, 1897.

"3. That said will is not in truth the will of Duncan Dew, Jr., but a forgery, fraudulently forged by defendant, J. J. Dew, and by him caused to be probated, he knowing it to be false and fraudulent; and caused to

be filed for record and recorded, together with the probate thereof, in the register of deeds of Gonzales County, for the purpose of defrauding the heirs of Duncan Dew, Jr., out of the value of his estate, and to appropriate it to his own use and benefit.

"4.  That if not a forgery, then that said alleged will was procured to be signed by the testator, by and through undue influence on the part of said J. J. Dew; and the said Duncan Dew was, at the signing thereof, mentally and physically disqualified from knowing the import of his said acts; and that the same was procured to be signed through arts and importunities on the part of said J. J. Dew.

"5.  That even though genuine and not procured through undue influence, yet that the provision of said instrument wherein was conveyed to said J. J. Dew the rest and residue of decedent's estate after the payment of debts and funeral expenses, and the legacies of five dollars to each of his first cousins, is inoperative, invalid, and void as to any portion of the real estate of decedent situated in Texas, because witnessed by said defendant J. J. Dew and proven up on his testimony and that of Johnnie Atkins, alone, they being the only witnesses to the alleged will.

"6.  That said decedent left surviving him first cousins; that under the law of descent and distribution of Alabama, said first cousins, being the next of kin, inherited all of his estate situated in Alabama, to the exclusion of all persons of a more remote degree of kin, amongst whom are plaintiffs.  That plaintiffs had no standing to contest the probate of said will in said Alabama probate court, and did not there contest the same; that some of the defendants, who were specified, did enter a contest of said probate, alleging said will to be a forgery; that after filing contest thereof, said defendants, conspiring with defendant J. J. Dew to appropriate the whole of said estate, with intent to defraud plaintiffs, and for a valuable consideration received from J. J. Dew, withdrew their contests, and permitted the will to be probated in said Greene County probate court.  That said consideration was the notes of said J. J. Dew, for more than $45,000, and the trust deed of said J. J. Dew and his wife to secure the payment thereof on all the property belonging to said estate; which trust deed was filed for record in the county records of Gonzales County, September 27, 1898, and duly recorded therein.

"7.  That said alleged will has never been probated or offered for probate, original or ancillary, in any county in Texas.

"8.  That the probate of said will in Alabama, and the filing and registration thereof in Gonzales County, and the execution, filing and registration of said trust deed, as stated, are a fraud upon plaintiffs' rights as heirs of Duncan Dew, Jr., and a cloud upon their title to said property."

It is provided in article 5353, Sayles' Statutes, that "When any will or testament, or testamentary instrument of any character, conveying or in any manner disposing of land in this State, has been duly probated according to the laws of any of the United States or territories, a copy

thereof and its probate, attested by the clerk of the court in which such will and testament or testamentary instrument was admitted to probate, and the seal of the court annexed, if there be a seal, together with a certificate from a judge or presiding magistrate of such court that the said attestation is in due form, may be filed and recorded in the register of deeds in any county in which said real estate is situated, in the same manner as deeds and conveyances are required to be recorded, and without further proof or authentication; provided, that any time within four years from the date of the record of such will in this State, the validity of such will may be contested in a proceeding instituted for that purpose, as the original might have been."

Prior to the enactment of the foregoing article, probate of a foreign will was required in this State before it could confer property rights. Sayles' Stats., article 1909; De Zbranikov v. Burnett, 10 Texas Civ. App., 442. But under the provisions of the article above quoted, which was enacted in 1887, the filing and recording of the foreign will places it upon the same footing as a will probated in Texas, and the mode of contesting either is the same.

In article 3364, Sayles' Statutes, it is provided that the validity of a will probated under the laws of this State may be contested within four years after it shall have been admitted to probate, and in article 3365, attack upon a will as a forgery, or for other fraud, can be made within four years after the discovery of such forgery or fraud, and in each article it is provided that the suit may be instituted in the "proper court," without naming it.

In the case of Franks v. Chapman, 60 Texas, 46, it was held by the Supreme Court that the district court was not the "proper court" under the provisions of the articles last cited, but that suits attacking the validity of a will should be brought in the probate court. Speaking of the Act of 1876, of which articles 3364 and 3365 are parts, it was said: "A reference to the original act shows that it was intended that the proceeding to set aside the probate of a will should be instituted in the court in which the will was admitted to probate; and it might be held, as the section of the Revised Statutes referred to does not indicate in what court a proceeding should be instituted to set aside a will which has been probated, that it was the intention of the Legislature that it should be instituted in the probate court." It was held that the district court did not have jurisdiction of the cause instituted to declare the will void. That decision has never been questioned, but has been followed in a number of instances. Franks v. Chapman, 61 Texas, 576; Heath v. Lane, 62 Texas, 686; Fisher v. Wood, 65 Texas, 199; Miller v. Foster, 76 Texas, 479; Sabrinos v. Chamberlain, 76 Texas, 624; Bowser v. Williams, 6 Texas Civ. App., 197; Buchanan v. Bilger, 64 Texas, 589.

The judgment of the District Court is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

If the will sought to be annulled had not been filed as required by law in Texas, with a certificate of its probate in a foreign State, it would seem clear that neither the district court nor any other Texas court would have jurisdiction to set aside and annul such will. Therefore, before the filing of the will, the district court could not have had any jurisdiction to annul the will, and the filing of the will did not confer jurisdiction, because Texas laws provide that the county court is the proper tribunal before which to institute and try suits contesting wills. The filing of the will only conferred jurisdiction on the county court.

It is insisted by appellants that articles 3364 and 3365, Revised Statutes, have no reference except to domestic wills. This is undoubtedly true, if those sections stood alone, but, as we endeavored to point out in our former opinion, it is expressly provided in article 1909, Revised States, that a foreign will properly filed and recorded shall have the same force and effect as the original will, if probated in the county court, and the validity of such will may be contested in the same manner as the original might have been. How could the original will, if probated in the county court, have its validity attacked? No method is provided except by instituting suit in the proper court in a certain time.

We do not understand that article 1909, Revised Statutes, was enacted merely to give authority for the registration of a foreign will so as to make it a muniment of title, but think it was intended by its terms to provide that a foreign will duly probated in another State should, by being filed and recorded, be placed on the same footing for all purposes with a will duly probated in this State. The motion for rehearing is overruled.

                                                    *Overruled.*

Writ of error refused.