## GEORGIANA F. WEBSTER v. MARY J. CLARKE.

### No. 1631. Decided February 10, 1907.

**Foreign Judgment—Executrix—Devisee—Privity.**

A judgment, in another State, against defendant, as executrix, upon an indebtedness of her testator, was not admissible to establish same as a valid claim against such defendant in this State, in a suit brought here, by the same plaintiff, to enforce his claim against Texas lands bequeathed to such defendant by the testator. (Pp. 334, 335.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Cherokee County.

Webster sued Clarke, and had judgment, from which defendant appealed, and the judgment was reversed and rendered for appellee. Plaintiff (appellee) then obtained writ of error.

*Cain & Knox,* for plaintiff in error.—The New York judgment was properly admitted in evidence. Carpenter v. Strange, 141 U. S., 87; Rev. Stats. Texas, arts. 5353-5355; De Zbranikov v. Burnett, 31 S. W. Rep., 71; Dew v. Dew, 57 S. W. Rep., 926; McLavy v. Jones, 72 S. W. Rep., 407; Lass v. Seidel, 66 S. W. Rep., 872; Blinn v. McDonald, 92 Texas, 606.

We contend that the New York judgment is at least prima facie binding against defendant upon two grounds: (a). She is both executrix and devisee, or legatee, and therefore estopped from again seeking to defend against the claim merged in said judgment either in her capacity as executrix or devisee. (b). This is a suit in rem, and is against land in Texas which, by our law, is charged with all debts of the estate, hence, when the will was in effect probated in Texas (by filing and recording as required by the Act of 1887), defendant's office and

right as executrix, as well as her title, in privity with the executrix, was established and proven, hence the foreign judgment against her as executrix, which appears on its face to have been a claim against the testator in his lifetime, is, by the very terms of our statutes, a charge upon the land in the hands of defendant as devisee.

*Wilson, Box & Watkins,* for defendant in error.—There is no privity between an heir or devisee of land in Texas and the executrix in New York of a decedent; and in a suit in Texas against the heir or devisee to subject in his hands, to the claim of a creditor, lands belonging to the decedent, a judgment obtained in the State of New York against the decedent's executrix is not evidence as against the heir or devisee of the existence of the debt; and this is true notwithstanding the heir or devisee and the executrix are one and the same person.   Stacy v. Thrasher, 6 How., 58; Burnham v. Burnham, 62 N. Y. Supp., 120; Merchants' Nat. Bank v. Good, 21 W. Va., 455; Darrington v. Borland, 3 Port., 9 (Ala.); Hazen's admr. v. Tillman's heirs, 5 N. J. Eq. (1 Halst.), 363; Mason's devisees v. Peters' admrs., 1 Munf., 437 (Va.); Hill v. Tucker, 13 How., 461; Carpenter v. Strange, 141 U. S., 87.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by plaintiff in error against defendant in error, as executrix of and devisee under the will of Lemuel B. Clarke, to subject certain lands in Cherokee and Polk Counties of this State, received by the defendant as such devisee, to the payment of a judgment recovered by plaintiff against the defendant as executrix.   It appears from the record that both of the parties are and have been citizens of New York, and that Lemuel B. Clarke, who was also a citizen of that State, died in 1886, leaving a will by which he appointed the defendant as his executrix and, after giving certain legacies, bequeathed to her the residue of his estate.   The will was duly probated and defendant qualified and received letters testamentary under it and opened and conducted an administration, in New York, which has never been closed. . The suit in which the judgment sued on was rendered, was pending against Clarke before his death, and was afterwards revived against defendant as his executrix, in which capacity the demand asserted was established against her by that judgment.   After the present suit was instituted, plaintiff caused a copy of the will and its probate in New York to be filed and recorded in Polk County, but no letters testamentary have ever been issued to defendant in this State, and much more than four years elapsed between Clarke's death and the filing of the will.

The District Court gave judgment in plaintiff's favor subjecting the land to the debt as established by the New York decree.   The Court of Civil Appeals reversed the judgment of the District Court and rendered judgment for the defendant, holding that the judgment relied on, being against a foreign executrix, has no extra territorial effect and is not competent evidence of the debt in this action.   Plaintiff in error insists that this is wrong for two principal reasons:   (1) Because defendant, as executrix, appears as the defendant in both actions and the general rule that there is no privity between different legal representatives appointed in different jurisdictions has no application.   (2) Because de-

fendant, being both executrix and devisee, when a party to the New York judgment, is bound by it in both capacities to the extent that it establishes as against her the existence of a debt against the testator. If the assumption that defendant occupies in this State the position of executrix of the will is sound, the first contention would be sustained by the decision in the case of Carpenter v. Strange (141 U. S., 87), cited in support of it. But the probate of the will in this State did not entitle her to act under it as executrix. Indeed, our statutes expressly prohibit the grant of such authority after the lapse of such time as had occurred when the probate of the will in this State took place. She can not, therefore, be now regarded as in any sense exercising the powers or as being subject to the liabilities, in this State, of an executrix.

The other contention has some plausibility, but it is answered by the fact that the former actions was against her as executrix, solely, and that her power as such extended only to assets within the jurisdiction of the court which granted her letters. The suit against her as executrix in New York had for its object the establishment of the demand against her as a basis for obtaining satisfaction out of assets brought within her control by virtue of her appointment there. As executrix in New York she had no control over lands in Texas and a judgment rendered there against her could give her no such control. It may be true that we should presume that its effect was to establish the debt against the estate so far as to entitle the plaintiff to satisfaction out of assets in New York, and that to this extent it was binding upon her both as executrix and devisee. This, we may assume, would be the effect of such a judgment against an executrix in this State in subjecting both land and personal property here situate to its satisfaction, and it has not been made to appear by pleading and proof that the law of New York is different. But as such a proceeding against an executor, in his capacity as such, has for its sole purpose, and can only have the effect, to subject assets existing within the jurisdiction from which he derives all of his powers, no question is involved in its scope of reaching land in another jurisdiction claimed by him in a different capacity from the testator. It can not therefore be correctly said that the debt which has been asserted and established by such judgment for the former restricted purpose only is thereby established against the person who was the defendant therein only as executrix, when asserted in another jurisdiction for a different purpose and against her in a different capacity.

We conclude that the judgment of the Court of Civil Appeals is correct.

*Affirmed.*