HILGERS et al. v. HILGERS et al.

(Court of Civil Appeals of Texas. Amarillo. June 28, 1913. Rehearing Denied Oct. 11, 1913.)

1. WILLS (§ 222*) — PROBATE AND ANNULMENT—STATUTE.

Under Rev. Civ. St. 1911, art. 3358, providing that, when a will has been probated, its provision shall be executed unless annulled by order of the court probating the same in a proceeding instituted for that purpose, a proceeding to annul a will must be commenced as a separate proceeding after the probate of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 542–544; Dec. Dig. § 222.*]

2. WILLS (§ 257*)—PROBATE AND ANNULMENT—JURISDICTION.

Under Rev. Civ. St. 1911, § 3358, providing that, when a will has been probated, its provisions shall be executed unless annulled by order of the court probating the same, and under the Constitution, the district court has no jurisdiction of an original proceeding to annul the probate of a will by a county court; its jurisdiction in such cases being acquired by appeal or certiorari to the county court.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 592, 593; Dec. Dig. § 257.*]

Appeal from District Court, Denton County; Clem B. Potter, Judge.

Suit by John Hilgers and others against Joseph Hilgers and others to annul a certain will of M. Hilgers, deceased, and for other relief. From a judgment for defendants, plaintiffs appeal. Affirmed.

W. W. Ballew, of Corsicana, for appellants. Alex W. Robertson and Alvin C. Owsley, both of Denton, for appellees.

HALL, J. Appellants, who were plaintiffs in the court below, filed this suit in the district court of Denton county on the 26th day of June, 1911; the original petition alleging in substance as follows: Plaintiffs for cause of action represent that each and all of the plaintiffs and defendants, except the defendant Ann Hilgers, are the children of M. Hilgers, deceased, and that Ann Hilgers is the surviving wife of M. Hilgers, deceased. That M. Hilgers departed this life about the 10th day of October, 1909, and left plaintiffs and defendants as his surviving heirs. At the time of his death he was possessed of real and personal estate of the probable value of $40,000. That defendants are attempting to claim all of said property under an alleged or purported will, alleged to have been probated at the January term, 1910. That said will is void and does not attempt to convey any part of said estate save and except a life interest in the homestead to his surviving wife, Ann Hilgers, and in so far as it affects the said Ann Hilgers is void in this: That under the law of Texas she is entitled to the homestead and all exempt property during her lifetime without limitation or condition, and that said alleged will did not attempt to convey to her any property that she was not entitled to in law without the will, and that said will further attempted to place limitations and restrictions upon the remarriage of said Ann Hilgers, and no other part of said estate was devised by said will except in the event of the remarriage of the said Ann Hilgers; and said will is absolutely void upon its face in that it makes no disposition of said estate except the homestead for life but provides for reversion of the same in the event of remarriage, and said remarriage must occur within six months after the death of M. Hilgers, if the remaining legatees become affected and the said Ann Hilgers has not remarried and said legacies are void. That at the death of the said M. Hilgers he owned 335 acres of the John Burns survey, situated in Denton county, Tex., which was the separate estate of the said M. Hilgers, of the reasonable value of $20,000. The petition describes other lands by metes and bounds and proceeds as follows: "Personal property, consisting of farming implements, engine and separator, household goods, 26 head of cattle, 12 mules and horses, 15 hogs, one share in the Continental Bank of Krum, $5 11/50 shares of the Farmers' Gin Company at Denton, Tex., also a large amount of money, notes, and accounts, all of which property is situated in Denton county, Tex., and is in the possession of the defendants herein, who are claiming and asserting to be the sole and exclusive owners thereof." It is further alleged that John A. Burns survey of 335 acres was the separate property of the said M. Hilgers and was acquired long before his marriage to the said Ann Hilgers, and that upon his death it descended to plaintiffs and defendants, save and except Ann Hilgers, jointly, she being en-

---

titled under the laws of Texas to a life interest in one-third therein to a homestead interest to 200 acres, and plaintiffs alleged that said 335 acres was the homestead of the said M. Hilgers at the time of his death and had been for many years prior thereto. That the defendant A. M. Hilgers is entitled to the use and possession of the 200 acres thereof, to be selected by her during the period of her natural life or so long as she cares to use and occupy the same as a homestead. That plaintiffs and defendants are jointly entitled to the remainder of said 335 acres and to the use and possession and full management thereof at the present time, and, after the termination of the homestead and life interest of the said Ann Hilgers in said 200 acres, plaintiffs and defendants are jointly entitled to said 200 acres; and under the laws of Texas the said Ann Hilgers is further entitled to two mules or horses, five cows and their calves, the household goods, farming implements, etc., and to one-half interest in all community property of herself and the said M. Hilgers. Plaintiff admits that all personal property, including the bank stock, stock in the gin company, horses, mules, cows, notes, and money were the community property of M. Hilgers, deceased, and his surviving wife, and she is entitled to a half interest therein; and further that, upon the face of the deeds, the title to the remaining real estate is vested in the community, but that plaintiffs are informed and believe that said real estate was acquired with the proceeds arising from the sale of 305 acres of the John A. Burns survey, which was the separate estate of said M. Hilgers; that Ann Hilgers is entitled to a life interest therein to the extent of one-third. But, if it should be determined upon the trial that said real estate is community property, then plaintiffs and defendants would be jointly entitled to one-half. It is further alleged: That Joseph Hilgers and Ann Hilgers are assuming to control and hold all of the property as executors of the will of M. Hilgers, deceased, and they are informed and believe that M. Hilgers left more property at his death than has been inventoried by the executors. That the real estate is subject to partition and distribution. That all personal property, except such as is exempt to Ann Hilgers, is subject to partition and distribution. There is a prayer for partition of the real and personal property according to the laws of descent and distribution. That the homestead and exempt property be set apart to Ann Hilgers during her lifetime. That her interest in the community estate be determined and established. That all the remainder of said estate be set apart and partitioned between plaintiffs and the remaining defendants as the surviving heirs of M. Hilgers, and that their interest in the homestead and exempt property be fixed and de-

termined by the decree, and that it be declared subject to partition on the death of the said Ann Hilgers, and that the court enter an order declaring to be void and of no effect the alleged will of M. Hilgers, deceased, under which the defendants are asserting title against these plaintiffs, and that the will be canceled as a cloud upon plaintiffs' title. There is a prayer for the appointment of commissioners to make the partition, and for all legal and equitable relief.

The particular items of the will objected to are as follows: "Second. I bequeath to my wife, Ann Hilgers, the use and income of our homestead on the John A. Burns survey, during her lifetime but in case of remarriage said realty to revert to my heirs as herein stated, as follows: Third. To my daughter, Margareatta, $250.00, to be paid to her or her heirs six months after my death. Fourth. To my son Joseph, $500.00, to be paid six months after my death. Fifth. To my son John, $1.00, love and affection. Sixth. To my son William, $1.00, love and affection. Seventh. To my son Peter, $1.00, love and affection. Eighth. To my daughter, Anna, $1.00, love and affection. To my daughter Katherina, $1.00, love and affection; to my daughter Christina, $1.00, love and affection. Ninth. To my sons Henry Lee, Edy Lipscomb, Ben Frank, George Robert, Math Alexander, and to my daughters, Rosie and Maybell, to each of the last named children, seven in all, all my real estate and personal property by me possessed after my death and if any of my children shall not be satisfied with the provision of this instrument and shall or should attempt to set aside the same by the courts of the country, then in such a case, it is declared that such one shall have no benefits of the provision thereof, and no part of the distribution of my estate whatever." The will further appoints the wife and son Joseph as executrix and executor.

The defendants filed a general demurrer to the petition and specially excepted because it appeared that the matter in controversy was the validity of the will of Mathew Hilgers; that the said will had been probated; that the estate was in the hands of the executrix and executor; and that the district court had no jurisdiction. A second special exception on the part of Ann Hilgers is upon the ground that she is improperly joined as a defendant with certain sons and married daughters of M. Hilgers, deceased, because the said defendants are attempting to claim all of the property of M. Hilgers under the alleged will and declaring that the will is void; that the only issue which can be submitted in a suit to construe or annul a will or any of its provisions is a direct suit for that purpose, and no rights of property can be decided in such proceedings; that there is

therefore also a misjoinder of causes of action in that plaintiffs are attempting in one suit to construe and annul the will to partition property, to recover in trespass to try title, and for an accounting, settlement, and distribution of the estate. All of the exceptions were sustained, and from this judgment of the trial court the appeal has been perfected and the questions brought here for review.

[1, 2] Article 3358, Revised Statutes 1911, is: "When a will has been probated, its provisions and directions shall be executed, unless the same are annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate."

In Prather v. McClelland, 76 Tex. 574, 13 S. W. 543, it is held that proceedings to annul a will in whole or in part, provided for by this statute, must be commenced and conducted as a separate and distinct proceeding after the will has been probated and cannot be injected into the proceedings to probate.

Stayton, justice, decided in the case of Franks v. Chapman, 60 Tex. 46, that district courts, under the Constitution now in force, have no jurisdiction to annul by an original proceeding the action of a county court probating a will, and that the jurisdiction of the district court in such matters is acquired by appeal or certiorari from the county court. To the same effect is Fisher v. Wood, 65 Tex. 204; Dew v. Dew, 23 Tex. Civ. App. 676, 57 S. W. 926; Heath v. Layne, 62 Tex. 686; Franks v. Chapman, 61 Tex. 579. These authorities uphold the trial judge in sustaining the exception urged to the jurisdiction of the district court. Holding that he was correct in his ruling renders it unnecessary for us to consider the remaining assignments.

The judgment is therefore affirmed.