## LINDAHL et ux. v. THACKER.

### No. 8347.

Court of Civil Appeals of Texas. San Antonio. Feb. 19, 1930.

Rehearing Denied March 19, 1930.

284

Decker & Wilson and A. B. Crane, all of Raymondville, for appellants.

W. T. Carlton, P. G. Greenwood, and W. B. Lewis, all of Harlingen, for appellee.

FLY, C. J.

Appellee sought a recovery on two promissory notes, the first for $1,400 and the second for $750, together with the interest thereon, evidenced by various instruments described as coupon notes, executed by the appellants, Alva H. Lindahl and his wife, Ethel G. Lindahl. In the prayer no certain sum was named for which judgment was sought, and it was with some difficulty that even the number of notes for principal and interest could be ascertained from the petition. The cause was tried by the court, a jury being waived, and judgment was rendered against appellants for the sum of $3,300, the amount of the two principal notes and coupon notes. It was decreed that $2,640 of the amount named should bear interest from date of the judgment at 7 per cent. per annum, as provided in the two principal notes and coupon notes, that $157.50 should bear 10 per cent. per annum, as provided in coupons, and the remaining $508.50 should bear 6 per cent. interest.

The note for $750 was executed on May 1, 1922, and became due May 1, 1927, and the note for $1,400 was dated June 1, 1922, and became due June 1, 1927; each was made payable to the order of L. E. Gesell, at Hawick, Minn., and bore 7 per cent. interest, for which five notes were executed to become due on the $750 note, and five for interest on the $1,400 note, interest notes payable annually. It was shown that the $750 note was assigned by L. E. Gesell to Barbara Joos, on May 15, 1922, and said Gesell assigned the $1,400 note to Barbara Joos on June 14, 1922; both transfers also assigning mortgages on real estate to secure the notes. Barbara Joos died in Buffalo county, state of Wisconsin, some time in 1927, leaving a will which was probated on November 21, 1927, and John A. Tritsch was appointed administrator of the estate, although he was named executor in the will. Decedent bequeathed $300 to the American Bank of Alma, Wis., to be held in trust, the interest arising from the same to be used for the care and upkeep of the Joos family cemetery lots, said cemetery being located in Alma, Buffalo county, Wis. All the residue of the estate was bequeathed to Romeo Meisser of La Crosse, Wis., and Anna Enge, formerly Meisser, of Sauk City, Wis., share and share alike. On the note for $750 was written: "For value received I hereby assign and transfer the within note and mortgage, with all my right, title and interest in and to the mortgage deed securing the same, to S. W. Thatcher; dated Jan. 30, 1928, signed John A.

Tritsch as executor of the will of Barbara Joos, Dec'd."

Appellee made the following admission in his second supplemental petition: "Comes now the plaintiff and admits that he holds the notes sued on in plaintiff's first amended original petition by a restrictive endorsement from the executor of the estate of Barbara Joos, deceased, and that he holds the legal title for collection only as trustee for the estate of Barbara Joos, deceased, and that the equitable and beneficial title is owned by the estate of Barbara Joos, deceased, and the said Barbara Joos was an innocent purchaser for value without notice in due course of business before maturity, of the notes sued on and a holder in due course of the same, etc."

It has been definitely settled in Texas that: "Letters testamentary and of administration have no legal force or effect beyond the territorial limits of the state or county in which they are granted. It follows that the legal representatives of a deceased person must derive all their authority * * * of the sovereignty under whose laws they may have received their appointment, and therefore the executor or administrator appointed in one state necessarily can have no authority nor liability in another." Clarke v. Webster (Tex. Civ. App.) 94 S. W. 1088, affirmed 100 Tex. 333, 99 S. W. 1019, 123 Am. St. Rep. 813. In the case cited, as well as in the case of Dew v. Dew, 23 Tex. Civ. App. 676, 57 S. W. 926, decided by this court, it was held that even though the foreign will had been properly filed and recorded as provided by statute, the executor or administrator could not prosecute a suit in Texas without qualifying as such executor or administrator in Texas. Under these decisions as well as others, the executor or administrator of the estate of Barbara Joos, who was appointed in Wisconsin and who had not filed and recorded the will of the testator, nor had qualified as such executor or administrator in Texas, could not have appeared in Texas courts in his representative capacity and prosecuted a suit on the notes owned by the estate, and the question is presented: Could he, by an assignment of the notes for collection purposes to another, do that by indirection which he could not himself accomplish? In other words, has a foreign executor or administrator the authority to empower another to perform an act that it would be unlawful for him to undertake? We do not doubt that if appellee in this case had been the real owner of the promissory notes, through an assignment to him in good faith, by the executor, that he could as owner prosecute his suit for recovery on the notes in a court of competent jurisdiction. To that effect are the cases cited by appellee, as a brief review of them will demonstrate. In the case of Abercrombie v. Stillman, 77 Tex. 589, 14 S. W. 196, 197, the note which was the basis of the suit had been bought and paid for by the plaintiff, and had been assigned to him by an administrator in Connecticut. The

court held: "We think the indorsements, together with his possession, show that he acquired the note legally, in good faith, and in the usual course of business, and were sufficient, in the absence of plea and proof to the contrary, to entitle him to recover." To the same effect are cited cases, Solinsky v. Bank, 82 Tex. 244, 17 S. W. 1050, and Bloch v. Trust Co. (Tex. Civ. App.) 190 S. W. 541. In each of the cases the plaintiff was shown to be the owner of the note through indorsement by the administrator in another state.

This record presents the case of a suit being instituted on promissory notes which the plaintiff admitted he did not own, but specifically stated that they belonged to the estate of a decedent in Wisconsin, and that they were indorsed to him for the purposes of collection only. We cannot entertain the proposition that a foreign administrator could by an indorsement merely for collection, place in the collector's hands the power of nullification of the laws of this state, and allow him to accomplish indirectly what would directly be illegal for the administrator to do. In the cited case of Abercrombie v. Stillman, the decision turned on the bona fides of the ownership of the note by the indorsee. There was in that case no denial in the pleadings of the ownership of the note by the plaintiff, but in this case it was pleaded "that the plaintiff is not the owner and holder of said notes, but that the same belong to and are the property of Barbara Joos' estate and that administration of said estate is pending in a probate court of the State of Wisconsin, and that the transfer to plaintiff, if any, by the executor of said estate, is colorable only and not authorized in law and made for the purpose of conferring jurisdiction of this court to litigate and determine questions of law which could not be determined with the executor of said estate as plaintiff." Appellee admitted that he was not the owner of the notes, and that the indorsements were made to empower him to collect for the estate. The law of this state cannot be set aside and nullified in any such manner. As said by the Commission of Appeals in Faulkner v. Reed, 241 S. W. 1002, 1007: "An administrator, appointed by the courts of Ohio, could not, by virtue of said appointment sue or be sued in the courts of Texas, or in any way act as legal representative of said estate in Texas." And yet the courts of Texas are asked to recognize the authority of a man to represent the foreign administrator in performing an unlawful act, which he is forbidden to perform.

The judgment is reversed, and judgment here rendered that the cause be dismissed for want of jurisdiction.

### On Motion for Rehearing.

On March 1, a motion for rehearing was filed for appellee by his attorney of record, W. T. Carlton, which was followed by another motion for rehearing for appellee by another attorney of record, P. G. Greenwood, on March 5. Both attorneys live in the same town, and there was evidently a lack of concert of action, and the second motion should not have been filed. The motions are quite similar, although the second is more radical, for it states that this court is not only in conflict with one of its former decisions in the case of Keller v. Alexander, 24 Tex. Civ. App. 186, 58 S. W. 637, but has discovered that the statutes and decisions of Texas, cited by this court, are "archaic," and the opinion is in conflict with the Negotiable Instruments Law and decisions in various states, and, worse than all, "is in direct conflict with the spirit of the full faith and credit provision of the Constitution of the United States and the statutes enacted pursuant thereto."

It may be antiquated, old-fashioned, or, to be more elegant, "archaic," to uphold a statute of Texas as against an attempted disregard of it by a citizen of Minnesota, but this court will continue to enforce our statutes as best it can, however "Mid-Victorian" it may be.

The opinion of this court is not in conflict with any of the authorities cited by appellee. It was held in the case of Keller v. Alexander, by this court, that a note indorsed in blank by executors of an estate transfers the legal title to the holder and gives him the absolute right of action. There was not one word of testimony in that case to show other than a valid assignment of the note. The executors had the absolute right to make the indorsement. There was no intimation in that case, nor in any other Texas case, that a foreign executor can indorse a note to another for the avowed purpose of giving authority to institute a suit in another state and recover for the estate on a claim upon which the executor himself could not recover.

In this case it is admitted that the indorsement was made to appellee for the purpose alone of enabling him to collect a claim in a Texas court for a foreign executor in defiance of the laws of Texas. Usually an indorsement for collection would authorize the indorsee to prosecute a suit on the note in his own name, but not when that indorsement is not made in good faith but to subvert and evade the law. No court has ever sought to enunciate or establish as vicious a doctrine as that would be.

The motion for rehearing is overruled.