**MICHIGAN TRUST CO. et al. v. TURNEY et al.**

No. 2505.

Court of Civil Appeals of Texas. El Paso. March 12, 1931.

Rehearing Denied April 2, 1931.

John T. Hill and O. R. Armstrong, both of El Paso, for appellants.

J. Walker Morrow and Turney, Burges, Culwell & Pollard, all of El Paso, for appellees.

## HIGGINS, J.

Mrs. Mary Cleghorn Hills, a resident of Michigan, died and her will was admitted to probate in that state. Ancillary administration was had in the county court of El Paso county, Tex., the will being admitted to probate and Otis C. Coles of El Paso county appointed administrator with will annexed.

The present controversy is over a bill for $12,500 against the estate presented by the law firm of Turney, Burges, Culwell & Pollard, for legal services rendered the ancillary administrator by whom the bill was approved. The *probate court* approved the bill. From that order of approval the Michigan Trust Company, Dudley Hills Waters, Florence Hills Waters, and her husband, Dudley E. Waters, appealed to the district court.

In that court but one issue was submitted to the jury. It reads:

"What do you find from a preponderance of the evidence was the reasonable value of the legal services rendered to O. C. Coles, as the ancillary administrator of the estate of Mary C. Hills, deceased, by the law firm of Turney, Burges, Culwell & Pollard?"

The answer was: "$12,500.00."

Upon such finding the claim was approved as a second-class claim and ordered paid. From this order the contestants prosecute this appeal.

Numerous assignments of error and supporting propositions contained in appellants' lengthy brief, in their last analysis, resolve themselves into the contention that the ancillary administration in this state was wholly unnecessary, and the estate thereby burdened with heavy costs; and since the administration here was had upon the advice of appellees, they are not entitled to any compensation for the services rendered by them in such unnecessary proceedings which operated, not for the benefit of the estate, but to its detriment, by burdening it with heavy administrative costs.

The will of Mrs. Hills is lengthy. It may be summarized as follows: After directing the payment of her debts, and stating that she had already given to her daughter, Florence Hills Waters, certain household furniture and other articles, it gave the remainder of her personal property, including automobiles, to her, and $4,000 in cash, with the request that this money be used by her daughter for research work in connection with the Hills and Cleghorn families. Certain property was bequeathed and devised to the Michigan Trust Company, a corporation of Grand Rapids, Mich., for purposes which were specified in the will, and that company was given full power to care for, manage, and control the funds and property so placed in its hands, to convert the same, or the proceeds thereof, into money, to invest and reinvest the same, etc. It referred to the fact that she owned lands both in Texas and Michigan, and authorized the Michigan Trust Company, as executor and trustee, to hold and retain these lands, etc., to handle the same, and as discretion might indicate, to sell and dispose of the same. It was provided that she had planned to erect a mausoleum in a cemetery at either Rome, Ga., or Atlanta, Ga., wherein should be placed the remains of her late husband, her late son, and herself. She directed the said executor to carry that plan into execution, and to that end to sell real estate in El Paso, except her interest in block 5½, Mills Map. Direction was given that the daughter, Florence Hills Waters, should occupy the homestead during her lifetime; that after the death of the daughter, same should be occupied by her grandson, Dudley Hills Waters, and at the death of the survivor of the daughter and grandson, the homestead was to be sold and the proceeds disposed of as afterwards directed in the will, which was for the benefit of the municipalities of Rome and Cartersville, Ga., and Grand Rapids, Mich. After other directions as to the property located in Michigan, it was provided that all the remainder of the property, real and personal, owned by her at the time of her death was devised to the Michigan Trust Company in trust for the following purposes: It was to continue during the natural lives of Florence Hills Waters and Dudley Hills Wa-

ters, and for twenty-one years after the death of the survivors of them; that the income from the trust be paid to the daughter, Florence Hills Waters, and at her death the income was to be paid to the grandson, Dudley Hills Waters, and to his issue, if living. At the expiration of the twenty-one year period above mentioned, all the property belonging to the trust estate should go to the issue of the grandson, Dudley Hills Waters, then living. If there was no issue, then she directed that one-half of the property should go to the city of Rome, Ga., to be expended in the erection of a fountain in memory of her husband, one-fourth to the city of Cartersville, Ga., to be expended in the erection of a fountain in memory of her mother, the remaining one-fourth to the city of Grand Rapids, Mich., for the erection of a fountain in memory of her daughter, Florence Hills Waters. None of the beneficiaries interested in any legacy or devise were empowered to assign, convey, pledge, hypothecate, or anticipate the payment of any sum or delivery of any property, and it was provided that any such action should be void. It was provided in the fourteenth paragraph that in case of any present or future law of Texas, or for any reason, the Michigan Trust Company should be unable or unwilling to act as executor or trustee for the state of Texas, of or under this last will and testament, she directed the court in Texas in which the administration should be pending, to appoint, as executor or administrator with the will annexed, or as trustee under the will, as the case may be, such officer of the Michigan Trust Company as that company might nominate, and if that appointee be unable or unwilling to act, or for any reason should cease to act, she directed that the office be filled by the court having jurisdiction thereof upon the nomination of some suitable executor or administrator with the will annexed to be made by the Michigan Trust Company. A copy of a resolution of the board of directors of said Michigan Trust Company, attested by its secretary or assistant secretary, making a nomination as mentioned in that paragraph, was made sufficient evidence of the action taken by said company in that behalf.

This will was first probated in Grand Rapids, Mich., and the Michigan Trust Company was appointed executor and trustee. The probate court in Michigan allowed claims against the estate totaling approximately $210,000, the principal ones being in favor of Florence Hills Waters, the daughter, for $146,465.32, and Grand Rapids National Bank for $62,000. This had all been accomplished in Michigan prior to the institution of the probate proceedings in Texas, and with which proceeding in Michigan appellees had nothing to do.

The property in Michigan was wholly insufficient to pay approved claims against the estate. The bulk of the estate consisted of improved real estate in the business section of the city of El Paso of the appraised value of $302,350.

The handling of the estate in El Paso would require considerable attention, much leasing was to be done, work performed on the building known as the Hills Building, then under erection, and other things.

The claim of Mrs. Waters against the estate of her mother was allowed in the sum of $150,000 by the probate court of El Paso county. The claim of the Grand Rapids National Bank was also allowed. It was necessary for the administrator to sell the property of the estate in El Paso to pay said claims, as there were no funds available for that purpose.

An examination of the will disclosed that all of the property located in Texas, except block 5½, Mills Map of El Paso, is set aside for particular purposes; that is to pay for the erection of a mausoleum either at Rome or Atlanta, Ga., and the other property here, to wit, principally, the block 5½, Mills Map, was to be held for twenty-one years after the demise of any issue of the daughter or grandson, at which time, and only then, it was to be disposed of as follows: One-half to the city of Rome, Ga., for the erection of a fountain in memory of her husband; one-fourth to the city of Cartersville, Ga., for the erection of a fountain to the memory of her mother; and one-fourth to the city of Grand Rapids, Mich., for the erection of a fountain in memory of her daughter Florence Hills Waters, one of the appellants. The only direct bequest of any moment provided for under this will was a gift of $4,000 to the same appellant, the daughter, to enable her to look up the pedigrees of the Hills and Cleghorn families. And then there was the direct bequest of the income from revenue producing properties to be paid to certain named heirs.

Reverting now to appellants' insistence that the ancillary administration in Texas was wholly unnecessary, it seems that the necessity therefor is obvious in view of the debts against the estate, the complete insufficiency of assets in the jurisdiction of the domiciliary administration for the payment of the debts, and the necessity of subjecting the assets in Texas to such payment. 24 C. J. 111, 112. Administration by the probate court is the method provided by law for subjecting the estates of deceased persons to the payment of the debts owing by such decedents. Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002, 1006.

In their written argument at pages 8 to 11, appellants concede the Michigan Trust Company in its capacity as executor could not function and act in Texas as the legal representative of the estate simply by virtue of the letters testamentary issued to it in Michigan. Such letters have no extra territorial

effect. That is well settled law. 24 C. J. 1109; Clarke v. Webster (Tex. Civ. App.) 94 S. W. 1088; Id., 100 Tex. 333, 99 S. W. 1019, 123 Am. St. Rep. 813; Faulkner v. Reed, supra; Lindahl v. Thacker (Tex. Civ. App.) 26 S.W.(2d) 283.

■ Appellants' position is that under articles 8301-5, R. S., the Michigan Trust Company in its capacity as trustee of the estate could have done all that was necessary to be done in Texas; could sell the El Paso property, and administer the estate and pay the debts by filing here attested copies as provided by article 8301, R. S. But the probate courts of this state are not ousted of their jurisdiction and relieved of their duty to administer the estate of a nonresident deceased person and pay the debts due by such estate, simply because the testator bequeathed and devised his estate to a trustee with power to manage and control the same and limited power of disposition. The trustee takes the estate subject to the right of creditors to have the same administered and their debts paid in the manner provided by law.

■ The Michigan Trust Company is a foreign corporation without a permit to do business in Texas. In the discharge of its duties as executor and in carrying out the terms of the trust as provided in the will it must necessarily, for a term of years, have assumed active management and control of the business properties in El Paso. Clearly, it would have been necessary for it to transact business in this state over a term of years which it could not lawfully do except by filing with the secretary of state a duly certified copy of its articles of incorporation, etc., as required by article 1529, R. S.; Pennsylvania Co., etc., v. Bauerle, 143 Ill. 459, 33 N. E. 166; Michigan Trust Co. v. Bronson, 192 Cal. 506, 221 P. 628.

It is true the only penalty imposed upon foreign corporations for transacting business in this state without a permit so to do is disability to maintain any suit in the courts of this state (article 1535, R. S.), but article 1529, R. S., specifically provides that such corporations desiring to transact business in Texas shall file with the secretary of state a duly certified copy of its articles of incorporation, etc. Any such corporation which transacts business in this state without complying with article 1529 is doing so contrary to the laws of Texas regardless of the penalties attaching to such forbidden action.

But, however this may be, the fact remains that the Michigan Trust Company did not see fit to comply with the Texas laws relating to foreign corporations desiring to transact business in Texas, waived its right to appointment as executor, and requested the appointment of Coles. This it did after having been fully advised in the premises.

■ We therefore hold that ancillary administration in Texas and the appointment of a qualified administrator was necessary.

This conclusion disposes of all assignments and propositions which in one form or another question appellees' right to compensation, and as we view the record only one other question need be discussed, and that very briefly, namely, the contention that the fee of $12,500 is excessive.

Hon. E. B. McClintock, the probate judge, Judge Ballard Coldwell, and a number of practicing attorneys of the El Paso bar testified as to the reasonable value of the services rendered. Their estimates vary from $12,000 to $17,500. We have examined the evidence bearing upon the issue and upon which the witnesses based their opinions, and regard the fee allowed entirely reasonable. The contention that it is excessive is overruled.

All other assignments and propositions have been considered. Most of them are irrelevant. None show reversible error and, we think, call for no discussion.

Affirmed.