**SWIRCE v. McBRIDE et al.**

No. 12496.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 31, 1952.

Sharpe, Cunningham & Garza, Brownsville, for appellant.

C. Pearce Schaudies, Harlingen, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by A. J. McBride and J. N. Groesbeeck, Jr., against J. H. Swirce, in the form of a trespass to try title, seeking to recover Blocks 18 and 23, Laguna Vista Club Subdivision, Cameron County, Texas. The trial was to the court without a jury and resulted in judgment for the plaintiffs for said Block 18, charged with a lien to secure the sum of $824.82, being the amount of taxes paid on said lot by defendant and denying recovery to plaintiffs of said Block 23. Defendant, J. H. Swirce, has prosecuted this appeal from that part of the judgment which denied to him recovery of the title and possession of Block 18.

Appellees, McBride and Groesbeeck, undertook to establish their right to title and possession of said Block 18 by showing a record title deraigning to them, from the sovereignty of the soil. One of the instruments in this record title was a deed from J. R. Loomis, trustee of the estate of C. W. Hine, deceased, of the County of Montgomery and State of Iowa, to A. J. McBride and J. N. Groesbeeck, Jr., attempting to convey, among other property, said Block 18. The will of C. W. Hine, who died in Red Oak, Montgomery County, on May 16, 1916, was introduced in evidence, and it shows that the Red Oak Trust and Savings Bank of Red Oak, Iowa, was named as executor and trustee of his estate. It appears that on December 17, 1937, J. R. Loomis was appointed substitute trustee by order of the District Court of Montgomery County, Iowa. The will does not show that the trustee, or the substitute trustee, had authority to dispose of any real property belonging to the estate of C. W. Hine. The will of C. W. Hine has not been probated in the State of Texas.

It is well settled law in this State that where a party is named trustee in the will of a person living in another State, who does not have express authority to dispose of property belonging to the testator, cannot execute a deed which will convey title to property situated in Texas, without first having the will probated in this State. Smith v. Allbright, Tex.Civ.App., 261 S.

144

W. 461; Webster v. Clarke, 100 Tex. 333, 99 S.W. 1019; Mason v. Rodriguez, 53 Tex.Civ.App. 445, 115 S.W. 868, 869; Sparkman v. Davenport, Tex.Civ.App., 160 S.W. 410, 414; 14 Tex.Jur. Decedent's Estates, § 795.

Thus the appellees failed to show a record title deraigning from the sovereignty of the soil to themselves and they were not entitled to recover said Block 18. The appellees being the plaintiffs in the trespass to try title suit and having failed to show title to Block 18 in themselves, were not entitled to recover same, and having alleged possession of said Block 18 to be in appellant, J. H. Swirce, he is entitled to recover the same, regardless of whether he had been successful in establishing limitation title under the ten, five or three-year statute of limitation. Articles 5510, 5509, 5507, Vernon's Ann.Civ.Stats.

Accordingly, that part of the judgment not appealed from is affirmed, and that part of the judgment appealed from is reversed and judgment rendered that appellant recover the title and possession of said Block 18, Laguna Vista Club Subdivision, Cameron County, Texas, and that appellees pay all costs of this and the court below.